Richard A. CUNNINGHAM, Plaintiff-Appellee,

v.

BAY DRILLING COMPANY, Defendant-Appellant.

No. 27987

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Jan. 26, 1970.

Henry D. McNamara, Jr., Mouton, Roy, Carmouche & Hailey, Metairie, La., for appellant.

Chester A. Eggleston, Slavich & Eggleston, New Orleans, La., for appellee.

Before THORNBERRY, MORGAN and CARSWELL, Circuit Judges.

PER CURIAM:

█ This is an action brought by employee, Cunningham, under the Jones Act for negligence and the General Maritime Laws for unseaworthiness, against his employer, Bay Drilling Company, in which the jury returned a favorable verdict and the district court entered judgment against the employer for damages. Employer Bay appeals, complaining of the trial court's charge to the jury.[1]

█ Appellant objects first to a charge[2] given on the decreased purchasing power of the dollar. This Court has held permissible a charge to the jury that it can consider the *present* purchasing power of the dollar (*See* New Amsterdam Casualty Co. v. Soileau, 5th Cir. 1948, 167 F.2d 767, 6 A.L.R.2d 128, cert. denied, 335 U.S. 822, 69 S.Ct. 45, 93 L. Ed. 376), but appellant urges here that the court erred because it allowed the jury to engage in speculation concerning future dollar values. The objection is without merit.

█ The second complaint appellant makes is to the court's refusal to give a charge instructing the jury that any award for damages would not be subject to payment of federal or state income

taxes. We believe the refusal was proper. Prudential Insurance Company of America v. Wilkerson, 5th Cir. 1964, 327 F.2d 997; Payne v. Baltimore and Ohio Railroad Company, 6th Cir. 1962, 309 F.2d 546, cert. denied, 374 U.S. 827, 83 S.Ct. 1865, 10 L.Ed.2d 1051; Cunningham v. Rederiet Vindeggen A/S, 2nd Cir. 1964, 333 F.2d 308.

Affirmed.

---

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. *See* Murphy v. Houma Well Service, 5th Cir. 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5th Cir. 1969, 417 F.2d 526, Part. I.

2. "It is now well recognized that the decreased purchasing power of the dollar, due to rise in living expenses, is a proper element for consideration in determining the amount of award in a tort action. Courts take judicial notice of that fact."