**Paul J. GRECO, Plaintiff-Appellee,**

**v.**

**SEABOARD COAST LINE RAILROAD COMPANY, a Virginia corporation, Defendant-Appellant.**

**No. 71–3522**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

July 12, 1972.

Rehearing and Rehearing En Banc Denied Oct. 11, 1972.

Clark W. Toole, Jr., Joseph P. Milton, Jacksonville, Fla., Kurz, Toole, Taylor, Moseley & Gabel, Jacksonville, Fla., for Seaboard Coast Line Railroad Co., a Virginia corporation, for defendant-appellant.

Jesse D. Henry, H. R. Stroemer, Alan R. Schwartz, Miami, Fla., for plaintiff-appellee; Horton, Schwartz & Perse and Henry & Stroemer, Miami, Fla., of counsel.

Before JOHN R. BROWN, Chief Judge, and GOLDBERG and MORGAN, Circuit Judges.

* ▮ Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of

New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

**PER CURIAM:**

A judgment of $350,000.00 was entered on a jury verdict against appellant Seaboard Coast Line Railroad Company in favor of appellee Paul Greco, one of its employees who brought the action under the Federal Employers Liability Act and also the Safety Appliance Act.

Seaboard asserts error because the district court refused to instruct the jury that any award to Greco in the case would not be subject to federal income tax, and that the district court erred in denying the defendant's motion for a new trial or a remittitur on the award.

We find no error in the district court's refusal to instruct the jury that any award to Greco in the case would not be subject to federal income tax. The refusal was proper and follows prior decisions of this court. See Cunningham v. Bay Drilling Co., 5 Cir. 1970, 421 F.2d 1398; Prudential Insurance Co. of America v. Wilkerson, 5 Cir. 1964, 327 F.2d 997.

A review of the record on the damage issue supports the determination of the jury on this question, and the exercise of the district court's discretion in declining to disturb it. Suffice it to say that Greco, 40 years of age, earning approximately $8,000.00 per year, lost his leg by amputation at a time when he had a life expectancy of 31 years. Added to this was past earnings loss, substantial past and future medical expenses, together with pain and suffering. We conclude that the action of the district court in refusing the new trial or to grant a remittitur on the ground that the verdict was excessive should not be disturbed. See Grunenthal v. Long Island R. Co., 393 U.S. 156, 89 S.Ct. 331, 21 L.Ed.2d 309.

We find no errors as asserted to the district court's other post-trial rulings and conclude that the trial in other respects was free from prejudicial error.

Affirmed.[1]

---

1. The Chief Judge, concurring in the decision and the opinion on the basis of *Cunningham* and *Wilkerson, supra,* thinks those cases should be reconsidered. Theirs is an unrealistic holding since all know today that taxes are even more certain than death, certainly to the living. Jurors unconsciously consider the specter of taxation on a damage award and since such awards are expressly exempt the jurors should be told so explicitly. Indeed the jury here made express inquiry of the Court after deliberation and the Court declined to give any instruction. Following the receipt of the verdict, testimony on a post-trial motion from a juror showed that the award had been boosted to take care of taxes in the mind of the testifying juror.