Paul J. GRECO, Plaintiff-Appellee,

v.

**SEABOARD COAST LINE RAILROAD COMPANY, a Virginia corporation, Defendant-Appellant.**

No. 71–3522.

United States Court of Appeals, Fifth Circuit.

Oct. 11, 1972.

Clark W. Toole, Jr., Joseph P. Milton, Jacksonville, Fla., for defendant-appellant.

Jesse D. Henry, H. R. Stroemer, Alan R. Schwartz, Miami, Fla., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and GOLDBERG and MORGAN, Circuit Judges.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

PER CURIAM:

. The Petition for Rehearing is denied and the Court having been polled at the request of one of the members of the Court and a majority of the Circuit Judges who are in regular active service not having voted in favor of it, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is also denied.

Before JOHN R. BROWN, Chief Judge, and WISDOM, GEWIN, BELL, THORNBERRY, COLEMAN, GOLDBERG, AINSWORTH, GODBOLD, DYER, SIMPSON, MORGAN, CLARK, INGRAHAM and RONEY, Circuit Judges.

JOHN R. BROWN, Chief Judge, with whom DYER and SIMPSON, Circuit Judges join, dissenting:

I dissent from the denial of rehearing en banc. The practice of keeping the jury in the dark on the nontaxability of awards for lost income and future earning capacity should be reconsidered by the full Court. The jury's ignorance as to the effect of taxation produces verdicts which do not reflect realities of the financial injuries which a plaintiff, including this plaintiff, has endured.[1]

I do not mean to imply that plaintiff's verdicts in general—except insofar as they cause receipt of income which would have otherwise been diverted into the general coffers—are too large, nor that the plaintiff here was overcompensated for the other elements of damage. What I do protest is the court being a participant in an undertaking the rules of which compel it to remain silent, when silence almost necessarily becomes deceit. Indeed, it would be more characteristic of the law's quest for truth to ordain a substantive rule that the jury be openly and honestly instructed to award gross wages lost, but under a rule which supposes recovery of net losses it is most unseemly for a court of law to refuse to hear, see or speak the truth.

We should unmuzzle ourselves from our prior cases which make a trial judge and us a part of a charade. That would also put us in tune with the times [2]—an awareness by the very young to the aged that federal income taxes are not only a certain fact of life, but they are, and most assuredly will be big, if not bigger.

1. The jury below apparently increased plaintiff's award in order to compensate for taxation. Greco v. Seaboard Coast Line Railroad Co., 5 Cir., 1972, 464 F.2d 496.

2. Indeed, it would put us in tune with the holdings of a number of other courts. The excellent opinion of Judge Aldisert for the Third Circuit in Domeracki v. Humble Oil & Refining Co., 3 Cir., 1971, 443 F.2d 1245 contains a catalog of authorities and learned commentary. We should heed his statement that "what we know as men we should not ignore as judges", an observation I have voiced on several occasions, see, e. g., Hamer v. Campbell, 5 Cir., 1966, 358 F.2d 215, 220 and Brooks v. Beto, 5 Cir., 1966, 366 F.2d 1, 10, 12 (en banc).