474 F.2d 1180
 Gary L. ROUSE, Appellee,
v.
CHICAGO, ROCK ISLAND AND PACIFIC RAILROAD COMPANY, Appellant,
v.
SUPERIOR COOPERATIVE ELEVATOR COMPANY.
Gary L. ROUSE,
v.
CHICAGO, ROCK ISLAND AND PACIFIC RAILROAD COMPANY, Appellee,
v.
SUPERIOR COOPERATIVE ELEVATOR COMPANY, Appellant.
 Nos. 72-1124, 72-1161.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Oct. 19, 1972.
Decided March 1, 1973.
 
 B. A. Webster, Des Moines, Iowa, for Chicago, Rock Island and Pacific Railroad Co.
 William F. Fanter, Des Moines, Iowa, for Superior Cooperative Elevator Co.
 Francis Fitzgibbons, Esterville, Iowa, for Rouse.
 Before LARAMORE, United States Court of Claims Senior Judge,* BRIGHT and ROSS, Circuit Judges.
 BRIGHT, Circuit Judge.
 
 
 1
 Gary L. Rouse, while serving as a brakeman for the Chicago, Rock Island and Pacific Railroad Company (Railroad), lost part of his leg when he struck a loading dock encroaching near a spur track and fell from a train, rolling beneath its wheels. Rouse brought this FELA action against the Railroad, which in turn sought indemnity or contribution in a third-party complaint against Superior Cooperative Elevator Company (Elevator) under terms of a lease agreement with the Elevator. The Railroad alleged that the lessee-Elevator's failure to create adequate clearances between its loading dock and the spur track caused Rouse to sustain his injuries. A jury, by special verdict, awarded Rouse $273,125 on his claim against the Railroad. Thereafter the trial judge rejected the Railroad's claim to full indemnity but entered judgment in favor of the Railroad for contribution from the Elevator.
 
 
 2
 The Railroad has appealed contending that the district court erred (1) in rejecting the Railroad's right to recover full indemnity from the Elevator under the lease, (2) in refusing to grant a new trial or remittitur because of the excessiveness of the verdict, (3) in refusing to instruct the jury that an award to plaintiff would not be subject to state and federal income taxes, and (4) in refusing an instruction relating to future pain and suffering and medical expenses.
 
 
 3
 The Elevator has appealed urging that the district court erred in refusing to submit the question of its liability for contribution to a jury and in declining to grant a new trial for errors committed during trial. The Elevator also attacks the amount of the verdict as excessive.
 
 
 4
 We deny these appeals and affirm the verdict and judgment entered in the main action and the third-party proceedings.
 
 
 5
 The lease provisions required that no structure be erected or maintained by the Elevator within a minimum of six feet from the center line of the track. The evidence established that the Elevator's loading dock lay within six feet of the center line in violation of the lease as well as track clearance regulations of the Iowa State Commerce Commission. Testimony established that Rouse struck the loading dock and fell beneath the wheels of the train while attempting to release a handbrake on a grain car. The testimony further indicated that supervisory railroad employees had been aware that the loading dock unlawfully encroached upon the tracks.
 
 
 6
 The lease agreement stipulated that should the Elevator fail to observe clearance requirements it "will assume all liability therefor and agrees to indemnify and save harmless the Lessor * * * against any and all claims for loss, damage, injury or death resulting therefrom." A general provision of the lease further provided for indemnity for claims arising out of injury or death of the parties and their employees or other persons while on or about the leased premises and stipulated that "if any claim or liability due to some other cause than fire shall result from the joint or concurring negligence of both parties hereto it shall be borne by them equally."
 
 
 7
 The trial court determined as a matter of law that the Railroad had acquiesced in the encroachment and therefore was barred from obtaining full indemnity from the Elevator. The Railroad, however, contended that the fact that it knew of the existence of a dangerous condition did not bar indemnity under Iowa law.
 
 
 8
 The facts and the provisions of the lease here in question are almost identical to those before this court in Missouri Pacific R.R. Co. v. Arkansas Oak Flooring Co., 434 F.2d 575, 577 (1970). In that case we recognized the doctrine of acquiescence as a defense to the lessor-railroad's claim for indemnity against its lessee.[1] The Railroad, here, has referred us to no decision of the Iowa Supreme Court which is inconsistent with our decision in Arkansas Oak Flooring. Accordingly, on the authority of that decision, which we believe enunciated a proper general rule in the construction of lease agreements such as the one before us,[2] we affirm the ruling of the district court denying indemnity but awarding contribution to the Railroad.
 
 
 9
 The Railroad next alleges that the jury verdict was "so excessive as to shock the conscience and indicates passion and prejudice * * *." The limitation upon the scope of review of a damage award has been enunciated frequently by this court and needs no elaboration here. See Scoville v. Missouri Pacific R.R. Co., 458 F.2d 639, 647-649 (8th Cir. 1972), and cases cited therein. The court will only intervene where there is "plain injustice or a monstrous or shocking result." Novak v. Gramm, 469 F.2d 430, 434 (8th Cir. 1972).
 
 
 10
 Rouse was 31 years old when the accident occurred and 34 at the time of trial. As a result of the accident, he had suffered an amputation of his left leg at a point five inches below the knee. He offered medical testimony that further amputation might be necessary. He had already undergone 12 operations, had incurred in excess of $11,000 in medical expense, and had sustained lost earnings of about $900 per month totalling $14,400.
 
 
 11
 Considering Rouse's life expectancy, his past and anticipated future pain and suffering, his prior earning capacity, and the nature of his disability in general, we cannot say that the verdict, although very substantial, was so shocking as to require our intervention. See Grunenthal v. Long Island R.R. Co., 393 U.S. 156, 161-162, 89 S.Ct. 331, 21 L.Ed.2d 309 (1968); Greco v. Seaboard Coast Line R.R. Co., 464 F.2d 496, 497 (5th Cir. 1972), and compare Perry v. Bertsch, 441 F.2d 939, 945 (8th Cir. 1971).
 
 
 12
 As a second prong of its attack on the verdict, the Railroad argues that taxconscious juries mistakenly assume that awards will be subject to taxation and therefore increase awards sufficiently to compensate for such imaginary taxes. Upon this hypothesis, the Railroad urges that the trial court erred in refusing to instruct that "plaintiff would not be required to pay state or federal income tax on any award granted him in this case."
 
 
 13
 Courts and legal commentary disagree on the appropriateness of such an instruction. See, e. g., Domeracki v. Humble Oil & Refining Co., 443 F.2d 1245, 1249 nn. 5-6, 1252 n. 16 (3d Cir. 1971); Annot. 63 A.L.R.2d 1393 (1959); Comment, 56 Minn.L.Rev. 503 (1972). We do not propose to resolve this controversy in these proceedings. We recently said in Raycraft v. Duluth, Missabe and Iron Range Ry. Co., 472 F.2d 27 (8th Cir. 1973):
 
 
 14
 In view of the state of the law and the record in the instant case, this Court will not pass on the issue at the present time. Even if this panel were to adopt the instruction, this panel would do so only prospectively. Therefore, such a holding is not necessary for resolution of the instant case. The question is more properly left open for future consideration and perhaps for en banc determination by the entire Court. [472 F.2d at 33 (footnote omitted).]
 
 
 15
 We make a similar response to the issue in this case.[3] See Greco, supra, 464 F.2d 496, rehearing en banc denied, 468 F.2d at 823.
 
 
 16
 We similarly find no error in the trial court's instruction relating to future pain and suffering and medical expenses which admonished that these items must be proved with "reasonable certainty." The trial court did not give the instruction in the exact language requested by the Railroad, but its instruction was similar in substance. No exception was taken by appellant-Railroad to the damage instruction as given by the court and, thus, no basis for error was preserved on the record. Rule 51, Fed.R.Civ.P.
 
 
 17
 Errors alleged on appeal by the Elevator as third-party defendant in this action are equally unavailing. The Elevator argues that the issue of its liability for contribution should have been submitted to a jury rather than directed, since the evidence did not conclusively establish that the brakeman struck that part of the platform lying within six feet of the center line of the track in violation of the lease. The simple response is that the jury's verdict in the principal action established the Railroad's liability for failing to provide appellee-Rouse with a safe place to work. That finding triggered the Elevator's liability under the lease since it was undisputed that the encroaching structure had been built and maintained by the Elevator in violation of that agreement. Because of this violation, the Elevator became contractually obligated to indemnify the Railroad. See Scherff v. Missouri-Kansas-Texas R. R. Co., 449 F.2d 23, 28-30 (5th Cir. 1971); Minneapolis-Moline Co. v. Chicago, M., St. P. & P. R. Co., 199 F.2d 725, 729 (8th Cir. 1952). Indemnification, of course, which was required in the cited cases, is not applicable here since, as we noted earlier, the defense of acquiescence served to bring the contribution clause of the lease agreement into play, limiting the Elevator's contractual liability to 50 percent of the verdict against the Railroad. Arkansas Oak Flooring, supra, 434 F.2d 575, at 581; Erie Avenue Warehouse, supra, 302 F.2d 843, at 849. See Anthony, supra, 316 F.2d 858, at 866.
 
 
 18
 We have also examined the Elevator's contention that the district court should have granted it a new trial for errors in the conduct of the jury trial in the principal action. Since the liability of the Elevator rested on contractual principles applicable to undisputed facts, it is difficult to perceive prejudice to the Elevator from the admission of evidence in Rouse's case against the Railroad or from the refusal to allow the Elevator to participate in final argument in the principal action, notwithstanding the Elevator's participation in the trial under Rule 14(a), Fed.R.Civ.P. We have reviewed the alleged errors and find no prejudice to the Elevator in these rulings of the district court nor in its denial of the Elevator's motion for a new trial.
 
 
 19
 Affirmed.
 
 
 
 *
 Sitting by designation
 
 
 [1]
 We distinguished an earlier decision, Anthony v. Louisiana & Arkansas Ry. Co., 316 F.2d 858 (8th Cir.), cert. denied, 375 U.S. 830, 84 S.Ct. 74, 11 L.Ed.2d 61 (1963), on the ground that the lease in that case contained a clause specifying that the railroad's knowledge of an obstruction did not waive its right to indemnification from its lessee for damages arising out of a violation of the lease
 
 
 [2]
 For fuller discussion of acquiescence as a defense to the obligation to indemnify under a railway spur track agreement, see Arkansas Oak Flooring, supra, 434 F.2d at 577-580; Pennsylvania R. R. Co. v. Erie Avenue Warehouse Co., 302 F.2d 843, 848-849 (3d Cir. 1962)
 
 
 [3]
 While we do not pass on the issue of a prospective instruction here, we add this comment. We know of no evidence in this case or empirical data demonstrating that this jury or juries in general regularly increase damage awards because of a mistaken belief that the state and federal governments share in the award through income taxes. Furthermore, if a cautionary instruction should be given the jury to dissuade it from improperly increasing an award for income tax purposes, then perhaps other cautionary instructions should also be given on other collateral matters which conceivably affect the amount of damages awarded by a jury. For example, a jury might be instructed not to increase or decrease an award because one or both parties must pay attorney's fees in the action. See McWeeney v. New York, New Haven & Hartford R. R. Co., 282 F.2d 34, 37-38 (2d Cir. 1960)
 Regardless of the appropriateness of an income tax instruction, the cure for excessive verdicts usually rests with the trial court which, in appropriate cases, should exercise its powers of remittitur.