**Varena ELSTON, wife of/and Joseph Yuratich, Plaintiffs-Appellees,**

v.

**SHELL OIL COMPANY and the Travelers Insurance Company, Defendants-Third Party Plaintiffs-Appellants,**

v.

**ZENITH, INC. and Employers Mutual Liability Insurance Company of Wisconsin, Third Party Defendants-Appellees,**

**U. S. Fidelity & Guaranty Company, Intervenor-Appellee.**

No. 73–1616
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

July 20, 1973.

John J. Weigel, New Orleans, La., for appellants.

Peter J. Butler, New Orleans, La., for plaintiffs-appellees.

Chester Francipane, Metairie, La., for third party defendants-appellees.

Wood Brown, III, New Orleans, La., for intervenor-appellee.

Before WISDOM, AINSWORTH and CLARK, Circuit Judges.

PER CURIAM:

Shell Oil Company and its liability carrier appeal from a judgment entered upon a jury verdict for the appellees. We affirm.

---

1. This Chapter X bankruptcy (11 U.S.C. § 501 et seq.) has been pending since June 1957—nearly 16 years.

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of N. Y., 431 F.2d 409, Part I (5th Cir. 1970).

Mrs. Yuratich suffered painful and nearly fatal injuries as a result of a collision involving a truck owned by the Shell Oil Company. The truck was being driven by an employee of Zenith, Inc., a labor contractor which supplied the driver on an hourly basis to make deliveries to Shell installations. The evidence of Shell's control over the driver's activities was amply sufficient for the jury to find that the driver was Shell's borrowed servant for purposes of tort liability. See, *e. g.,* Richardson v. Tate, 269 So.2d 278 (La.App.1972), writ denied, 271 So. 2d 260 (La.1973).

Shell asserts as error the refusal to instruct the jury that personal injury awards are not subject to federal income tax. The refusal follows prior decisions of this court. Cunningham v. Bay Drilling Co., 421 F.2d 1398 (5th Cir. 1970); Prudential Ins. Co. of America v. Wilkerson, 327 F.2d 997 (5th Cir. 1964). We have recently refused to overrule our former decisions. Greco v. Seaboard Coast Line Railroad, 464 F.2d 496 (5th Cir.), rehearing en banc denied, 468 F.2d 822 (5th Cir. 1972), cert. denied, 410 U.S. 990, 93 S.Ct. 1502, 36 L.Ed.2d 190 (1973). We therefore regard the issue foreclosed from reconsideration by this panel.

Shell contends that a mistrial should have been declared because of an allegedly prejudicial comment by the court. As an alternative to its request for a mistrial Shell requested, and the court gave, an instruction to the jury to disregard the remark. The granting of Shell's alternate request for relief was sufficient to cure any error.

In light of the extent of Mrs. Yuratich's injuries, we cannot say that the verdict was in excess of the maximum amount the jury could have reasonably found. *See* Gorsalitz v. Olin Mathieson Chemical Corp., 429 F.2d 1033, 1042–1047 (5th Cir. 1970), aff'd after remand, 456 F.2d 180 (5th Cir.), cert denied, 407 U.S. 921, 92 S.Ct. 2463, 32 L.Ed.2d 807 (1972).

Affirmed.