500 S.W.2d 186 (1973)
T & L LEASE SERVICE, INC., et al., Appellants,
v.
Richard Thomas BIDDLE, Appellee.
No. 842.
Court of Civil Appeals of Texas, Houston (14th Dist.).
September 26, 1973.
Rehearing Denied October 17, 1973.
*188 Thomas G. Bousquet, John A. Berke, Jr., R. D. McPherson, Wandel & Bousquet, Houston, for appellants.
William W. McNeal, McNeal, Thrash & Williams, Alvin, for appellee.
CURTISS BROWN, Justice.
Appellee Richard Biddle (Biddle) was injured in an automobile-truck collision at a highway intersection near Alvin, Texas. He was the driver of a vehicle which collided with a truck owned and operated by appellant, T & L Lease Service, Inc. (Lease Service). The truck was operated by appellant J. B. Harris (Harris), an employee of Lease Service, who was found to be in the course and scope of his employment.
A judgment in favor of appellee was rendered on a jury verdict.
In the first point of error appellants contend that the trial court erred in submitting issues 2, 5, and 8 on the ground that such issues were shades of the same issue. We overrule this contention. The issues were separate and distinct factual inquiries submitting common law and statutory issues for the jury's consideration. Each issue involved a different time factor. Even if there were some duplication it would be harmless. Dallas Railway & Terminal Co. v. Bailey, 151 Tex. 359, 250 S.W.2d 379, 384 (1952); Tripp v. Watson, 235 S.W.2d 677, 681 (Tex.Civ.App.Fort Worth 1950, writ ref'd n. r. e.). Furthermore upon examination of the transcript we find no endorsement of the trial court's ruling and official signature on appellants' objections to the charge. Texas Rules of Civil Procedure, rule 272. The objections to the submission of such issues are therefore waived. Long v. Smith, 466 S.W.2d 32, 38 (Tex.Civ.App.Corpus Christi 1971, writ ref'd n. r. e.). There is a notation on the trial court's docket sheet that some objections to the charge were overruled but such notation, if entitled to be considered at all, is not sufficient for compliance with the requirements of Tex.R.Civ.P. 272.
By their second, third, and fourth points of error appellants attack the jury's findings as to the negligent turn of the truck on no evidence, insufficient evidence, and great weight grounds. Appellee introduced evidence tending to show that the truck was traveling in the left-hand lane of a four lane divided highway and that Biddle was in the right-hand lane. As the front of Biddle's automobile came more or less even with the rear of the tractor the truck suddenly and without warning began a right turn into an intersection. Contact occurred in the vicinity of the right front wheel of the truck tractor and the left front of Biddle's automobile. Lease Service, through its employee Harris, presented a directly conflicting version. A disputed fact issue as to how this accident occurred was presented for the jury's determination. The jury believed the testimony of Biddle and his passenger. The verdict is fully supported. We have also reviewed the entire *189 record in accordance with the mandate of In re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1951) and find sufficient evidence to support these findings.
Appellants' fifth, sixth, and seventh points of error are attacks on the other findings of primary negligence. We have reviewed the evidence on lookout and turn signal and find these issues to be supported. In view of the findings of negligence with respect to the turn of the truck any error presented by these points would be harmless. Tex.R.Civ.P. 434.
In appellants' eighth through fourteenth points of error it is contended that appellee was guilty of contributory negligence as a matter of law. We overrule these points. In light of the evidence above discussed fact questions on negligence and contributory negligence were clearly presented for the jury's determination. The jury accepted appellee's version and rejected that of appellants. They did so on ample evidence.
By their fifteenth point of error appellants contend that the trial court erred in allowing an economist to testify as an expert witness on appellee's loss of earning capacity. This witness qualified as an expert in the field. The allowance of this expert proof was well within the discretion of the trial court. Furthermore no objection whatsoever was made by appellants to this expert's qualifications or to any of his testimony. Having failed to object in the trial court no proper predicate for appellate review exists. Also appellants failed to assign any error in this regard in their motion for new trial. The point is therefore waived. Tex.R.Civ.P. 324; Miller v. Miller, 274 S.W.2d 762, 764 (Tex.Civ.App.San Antonio 1954, writ ref'd).
Appellants contend in their sixteenth point that the jury finding of $164,000 in response to the damage issue was excessive, and a remittitur is requested. The evidence adduced at the trial indicates that appellee's injuries were serious, painful, and permanent. Before the collision appellee was working as a millwright and earning some $12,000 per year. By reason of his injuries he was incapable of engaging in heavy manual labor and could no longer work as a millwright. At the time of trial he was working as a service station attendant making only $1.80 per hour. He was entirely unable to work for many months following his injury. He was 30 years old at the time of the trial and had a life expectancy of 40.8 years with a work expectancy of 32 years. According to the expert's testimony his loss of earnings would exceed the figure awarded in damages without regard to the elements of physical pain and mental anguish in the past and in the future. Under the medical testimony substantial damages could have been found with respect to these intangible items. We have reviewed all of the evidence relating to damages in accordance with Flanigan v. Carswell, 159 Tex. 598, 324 S.W.2d 835, 840 (1959), and we are unable to agree with the appellants that such finding was excessive. The sixteenth point of error is overruled.
In their last point of error appellants contend that the trial court erred in submitting the general damage issue in the form which did not require the jury to specify what amounts were being awarded for each element of damage. Appellants cite no authority to support this proposition. While it is permissible for the form of the answer to the damage issue to reflect the answer of the jury as to each element of damage, it is not required. Furthermore, as we stated in overruling appellants' first point of error, the objections to the court's charge have not been properly preserved. Tex.R.Civ.P. 272.
Affirmed.