**PORT TERMINAL RAILROAD ASSOCIATION, Appellant,**

v.

**Lawrence INGE, Jr., Appellee.**

**No. 1181.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

June 18, 1975.

Rehearing Denied July 9, 1975.

**802**

William H. Tenison, Jr., Thomas L. Schubert, Andrews, Kurth, Campbell & Jones, Houston, for appellant.

Tom R. Letbetter, George Payne, Garrett & Letbetter, Houston, for appellee.

TUNKS, Chief Justice.

The appellee, Lawrence Inge, Jr., sustained personal injuries while working as an engineer for the appellant, Port Terminal Railroad Association. Inge filed suit against his employer under the provisions of the Federal Employers' Liability Act for damages caused by his injuries. The jury returned a verdict finding facts which established liability of the defendant and found the plaintiff's damages to be in the amount of $282,746. Of this sum were $200,000, found to represent the plaintiff's lost future earning capacity, and $17,500, found to represent reasonable compensation for past and future medical expenses. The court reduced the jury's finding as to medical expenses to $15,000, the amount of that element of damage pleaded by the plaintiff, and rendered judgment for plaintiff on the verdict as so adjusted. The defendant filed original and amended motions for new trial. After the amended motion was overruled, defendant timely perfected its appeal.

The appellant has presented only two points of error. The first point complains of the jury's consideration of testimony of future inflationary trends in determining plaintiff's lost future earning capacity. The second point complains that the jury's finding of $200,000 in lost future earning capacity is grossly excessive. Both of these points of error are overruled.

The plaintiff was forty-three years old at the time of trial. The medical testimony established that in the accident he received an injury to his neck causing compression of the nerve roots at the fifth, sixth and seventh cervical disc levels. At the time of the trial he had undergone two operations and he was going to require another one. The medical testimony was that he was permanently disabled from performing the work that he had been doing or any other work that required any substantial physical activity. The salary for his former job was, at the time of the trial, in excess of $15,000 a year.

The plaintiff presented the testimony of Dr. Marshall Metze, a psychologist specializing in vocational capabilities. He had tested the plaintiff at length to determine his work capability. The witness testified that the plaintiff's disabilities were such that he could not obtain and retain any ordinary employment. He finally concluded that the best possibility for the plaintiff to earn any income at all was as a self-employed gunsmith, at which he could earn about $300 per month.

The plaintiff then presented the testimony of Mr. Lee Williams, an economist. He testified that during the past thirty years wages generally had increased at a rate of 5½% a year. The wages of railroad workers had increased at an annual rate of 5.8%. He projected that the plaintiff's earnings from the railroad for the remainder of his work life expectancy until he reached age 65, considering a future inflationary factor of 5% per year, would be $661,500. He then discounted this figure at a rate of 6% per annum to a present value of $340,544. By using the same formula he figured the present value of the plaintiff's future earnings at $300 per month to be $75,237. Thus, the present value of the plaintiff's loss of future earning capacity was calculated to be $265,307.

■ The defendant did not object to the admission of any of the testimony of Dr.

Metze or Mr. Williams. No grounds stated in defendant's amended motion for new trial sought a new trial because of the receipt of such testimony. In fact, appellant's relevant point of error here does not contend that the trial court committed reversible error in the admission of that testimony. That point states that "[a] new trial should be granted because it is improper, under the law, for the jury to take into account future inflationary trends in determining lost future earning capacity." The prayer in appellant's brief does not ask that we reverse the judgment of the trial court because of any error, but rather states that ". . . a new trial should be granted so that the case can be tried in accordance with correct principles of federal law concerning the determination of lost future earning capacity." The appellant states that this Court should grant a new trial upon a ground upon which a new trial was not sought in the trial court. In fact, the appellant asks that this Court grant a new trial because of the trial court's admission of evidence without contending that the trial court committed reversible error in admitting that evidence. This Court does not have jurisdiction to order a new trial where the trial court has committed no reversible error in its judgment. City of Houston v. Blackbird, 394 S.W.2d 159 (Tex.Sup.1965).

■ We have jurisdiction to reverse a trial court's judgment and to remand for another trial only where the trial court committed error in the trial before it *and* where the proper procedure is taken as a predicate for appellate review of such error. There are at least two reasons why the trial court's admission of evidence as to inflationary trends is not subject to our review. First, the defendant did not object to such admission. T & L Lease Service, Inc. v. Biddle, 500 S.W.2d 186 (Tex.Civ.App.— Houston [14th Dist.] 1973, no writ). Second, the error, if any, in such admission is not germane to any ground of defendant's amended motion for new trial. Texas Rules of Civil Procedure, rule 418(b).

■ The unusual position taken by the appellant in this Court results from the fact that the United States Court of Appeals for the Fifth Circuit sitting en banc, on March 21, 1975, handed down its opinion in Johnson v. Penrod Drilling Company, 510 F.2d 234, holding that possible future inflationary trends are not properly considered in finding loss of future earning capacity. In so holding that Court overruled two of its former cases, Petition of M/V Elaine Jones, 480 F.2d 11 (5th Cir. 1971), and Cunningham v. Bay Drilling Company, 421 F.2d 1398 (5th Cir. 1970), which held that such inflationary trends were properly to be considered. The holding in Penrod was pronounced after this case had been tried in the trial court. Appellant argues that because of this sequence in the Fifth Circuit's pronouncement of the law, it was excused from objecting to the testimony as to inflationary trends when offered and from setting out such objection in its amended motion for new trial. Its argument is that waiver is a conscious surrender of a known right, that it could not have known of its right to exclude the testimony because that right was not then in existence, and that it has not, therefore, waived its right to complain of a judgment based on such evidence. We reject that argument. The defendant not only waived an objection to the testimony by not stating any objection, but also waived any right to complain of it on appeal by neither objecting when the evidence was offered nor seeking a new trial, in its motion for new trial, because of its admission.

The Fifth Circuit's opinion in Penrod may well have changed the rule as to the admissibility of evidence in an F.E.L.A. case tried in a Texas state court, but it did not change the Texas Rules of Civil Procedure as to the steps necessary to be taken in order to preserve questions as to the admissibility of evidence for appellate review. Furthermore, the federal rules in this regard are substantially the same as the Texas rules. *See* Fed.Rules Evid. Rule 103, 28 U.S.C.A.

and the Advisory Committee's Notes thereunder.

■ As to appellant's contention, in its second point of error, that the trial court's judgment based on the jury's finding of loss of future earning capacity is excessive, we hold that the evidence, as briefly summarized above, clearly supports the judgment, even without considering the evidence as to inflation. The trial court acted well within its discretion in denying a remittitur.

Plaintiff's petition at paragraph V alleges that from loss of earnings in the past, loss of earning capacity in the future, past and future physical and mental pain and suffering, and past and future physical impairment he ". . . has suffered damages in the sum of Four Hundred Twenty-Five Thousand and NO/100 Dollars ($425,000.00), for which amount Lawrence Inge, Jr., here now sues."

Paragraph VI of plaintiff's petition includes the following allegation: "By reason of his injuries, Lawrence Inge, Jr., sues for past and future medical expenses in the approximate sum of Fifteen Thousand and NO/100 Dollars ($15,000.00)."

Also in paragraph VI is plaintiff's final prayer wherein he asks judgment against the defendants ". . . for his damages in the sum of Four Hundred Forty Thousand and NO/100 Dollars ($440,000.00). . . ."

The jury by its verdict found that the plaintiff had incurred past medical expenses in the amount of $6,000 and that he would incur future medical expenses in the amount of $11,500. The plaintiff filed a motion for judgment to which was attached a form for the judgment to be rendered for the full amount of the jury's verdict, including $17,500 for past and future medical expenses. The trial court, however, rendered judgment for an amount $2,500 less than the jury's verdict. The judgment re-

cites that the court reduced the jury's $17,500 finding as to past and future medical expenses to $15,000 and refused to grant the plaintiff leave to file a trial amendment.

■ The appellee has presented cross-points in which he contends that the trial court erred in not rendering judgment for the entire $17,500 in medical expenses found by the jury. Those cross-points are overruled. The plaintiff alleged a specific amount as representing his damages for loss of earnings, pain, and physical impairment. Then he finally asked for judgment for a specific amount which was $15,000 more than his alleged damages from loss of earnings, pain, and physical impairment. Thus, the trial court was correct in considering his obligation of $15,000 in medical expenses as limiting his recovery therefor, despite his use of the word *approximate* as to that amount.

In another cross-point appellee contends that the trial court erred in refusing his request for leave to file a trial amendment alleging his medical expenses to be $17,500. That cross-point, too, is overruled. The medical testimony was that plaintiff would need a future operation which would cost $2,500. He would also require treatment for the rest of his life which would cost $300 a year. His life expectancy was twenty-six years. His annual treatment would cost a total of $7,800 without taking into account a discount in arriving at its present value. For this reason the trial court was justified in refusing to allow the requested trial amendment.

By other cross-points appellee requests that we assess a penalty against appellant on the contention that this appeal was maintained for delay only and was not in good faith. Those cross-points are overruled.

Affirmed.