CROWN PLUMBING, INC., Appellant,

v.

Steven H. PETROZAK, Appellee.

No. A14–87–00577–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

May 26, 1988.
Rehearing Denied June 23, 1988.

Louis J. Gurwitch, Sheldon Richie, Mark T. Price, Jack Urquhart, Houston, for appellant.

Charles F. Browning, Christopher Bradshaw–Hull, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and ROBERTSON, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

This is an appeal from a judgment in favor of an employee against his employer, a non subscriber to the Workers' Compensation Act, for personal injuries sustained as the result of an on-the-job accident. Following one week of testimony, the jury found that negligence on the part of the employer, Crown Plumbing, Inc. ("Crown") resulted in injury to the employee, Steven H. Petrozak ("Petrozak"). After ordering a reduction and remittitur totaling $95,-444.42, the trial court entered judgment in favor of the plaintiff Petrozak in the amount of $700,093.01. Defendant Crown appeals on twenty-three points of error.

The background which led to plaintiff's injury is not in dispute. During the winter of 1983–1984, Houston experienced an extreme and extended period of freezing temperatures which resulted in an epidemic of frozen water pipes and created something of a city-wide plumbing emergency. Crown Plumbing Company had to hire additional plumbers to handle the volume of service calls they were receiving for repair/replacement of these frozen water lines. Plaintiff, who had moved to Houston from Florida only a short time earlier, applied for a job with Crown after hearing their radio advertisements for help. As a master plumber, he was put in charge of his own truck and helper after a brief observation period during which Crown assessed and approved his capabilities. One

evening, while he and his helper were working in an attic repairing multiple breaks in the homeowner's water pipes, the helper's sweating torch flared. In panic, the helper threw the torch toward Petrozak and Petrozak, stepping back in surprise to avoid the flame, fell through the sheetrock. As a consequence of this accident, he eventually had two back surgeries, including a fusion at the L4–L5–S1 level and one neck surgery including fusions of the C5–6 and C6–7 vertebrae. Medical testimony established that Petrozak could never hope to work as a plumber again.

By its first three points of error, Crown complains that the jury's award of $500,000 for Petrozak's loss of future earning capacity was unsupported by the evidence or in the alternative was supported by factually insufficient evidence and was against the overwhelming weight of the evidence.

■ In determining a no-evidence point, we must consider only the evidence and reasonable inferences drawn therefrom that tend to support the finding and disregard all evidence to the contrary. *King v. Bauer*, 688 S.W.2d 845, 846 (Tex.1985). If there is any evidence of probative value, the finding must be upheld. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 661 (1951). On the other hand, a complaint of factual insufficiency, once preserved in a motion for new trial, requires us to examine and weigh all the evidence both in support of and contrary to the finding. The finding must be upheld unless we find it to be so against the great weight and preponderance of the evidence as to be manifestly erroneous or unjust. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d at 661; *Pool v. Ford Motor Company*, 715 S.W.2d 629 (Tex.1986).

Crown contends that there was no evidence or, alternatively, insufficient evidence to support a finding of loss of future earning capacity because plaintiff Petrozak failed to submit evidence of his actual earnings for the years prior to his injury and submitted no evidence of his earning capacity after his injury. Crown relies heavily on *Texas Farm Products Company v.*

*Leva*, 535 S.W.2d 953 (Tex.Civ.App.—Tyler 1976, no writ), for the proposition that:
Where one's earning capacity is not destroyed, but only impaired, the damages he has sustained can be best shown by what he was capable of earning before he was injured and what he was capable of earning afterwards, and the difference will indicate the damages he has sustained. It must be observed that *the matter to be determined is not what he actually earned before his injury, but what his earning capacity actually was, and to what extent that capacity has been impaired.* 535 S.W.2d at 956. (Emphasis in original.)

Using the standard set by *Leva* and other authority relied upon by appellant, we find that appellee clearly met his evidentiary burden on this point. The passage set out above and cited verbatim in appellant's brief directly contravenes the position taken by appellant on appeal by stating that *"the matter to be determined is not what he actually earned before his injury, but what his earning capacity actually was...."*

At trial, Petrozak testified that in the late 70's he had earned $25,000 per year as a master plumber in Florida. He further testified and representatives of Crown confirmed that immediately prior to his injury, he was making $500 to $900 a week working for the defendant. A Crown representative also testified that master plumbers at Crown could make $40–$50,000 a year with commissions, that Petrozak was a very capable plumber and that, had he not been injured, Petrozak would have continued to work full time for Crown after the emergency period had ended. Although Petrozak failed to present documentary evidence of his actual earnings before his injury, the evidence submitted by him and confirmed in part by Crown itself is sufficient to show his *actual earning capacity* prior to his injury to have been $25,000 to $50,000 a year.

*McIver v. Gloria*, 140 Tex. 566, 169 S.W. 2d 710, 712 (1943), relied upon by appellant, says that it is "best" if plaintiff submits evidence of his actual earnings prior to

injury to support loss of future earning capacity. However, the case goes on to say that "Plaintiff is not required to prove the exact amount, but only the facts from which the jury, in the exercise of sound judgment and discretion, can determine the proper amount." *Id.*, 169 S.W.2d at 712. In fact, the overwhelming weight of authority, including that cited by appellant, concurs that a plaintiff may submit *either* his actual earnings *or* a monetary measure of his earning capacity. *Remuda Oil & Gas Company v. Nobles*, 613 S.W.2d 312 (Tex.Civ.App.—Fort Worth 1981, no writ), cited in appellant's brief, held as follows:

> The rule in Texas is that where a plaintiff seeks damages for impairment of his earning capacity, he must prove the amount of such damages with the degree of certainty to which it is susceptible. The plaintiff must introduce evidence, in monetary terms, from which a jury may reasonably measure his loss of earning capacity. His failure to do so must be supported by good reason. *Either* actual earnings *or* a monetary measure of earning capacity prior to the injury should be shown. (Emphasis added). 613 S.W.2d at 318.

*Bonney v. San Antonio Transit Company*, 160 Tex. 11, 325 S.W.2d 117 (1959) is also misconstrued by appellant. In the *Bonney* case, the plaintiff failed to introduce any evidence of either his actual earnings or his earning capacity prior to his injury. Therefore, the jury had absolutely no evidence against which it could compare Bonney's post-injury earnings of $75.00 per week. The supreme court in *Bonney* clearly stated that plaintiff must introduce evidence from which the jury "may reasonably measure in monetary terms his earning capacity" prior to the injury. Nowhere does the court in *Bonney* or in the other authority cited by appellant, set forth the narrow restriction contended for by Crown that the only way Plaintiff can satisfy his burden is to introduce evidence of his actual earnings prior to injury.

Appellant further misconstrues *Port Terminal Railroad Association v. Inge*, 524 S.W.2d 801 (Tex.Civ.App.—Houston [14th Dist.] 1975, no writ) by suggesting that this court established a requirement in that case that in order to prove loss of future earning capacity a plaintiff must produce testimony from a psychologist and/or economist to support his claims. In actuality, in the *Inge* case, we merely held that the offered testimony of a psychologist specializing in vocational capabilities was *sufficient* to establish the extent of plaintiff's disability and the testimony of an economist was *admissible* to establish a future factor of inflation used in a mathematical formula to arrive at a present value of future earnings. Appellant's attempt to infer a *requirement* from findings of sufficiency and admissibility is not justified.

In support of its argument that "plaintiff was required to submit evidence to the jury regarding his actual earnings in the past," Appellant relies upon the authority set out above which clearly indicates otherwise. Even the passages quoted directly by Crown indicate unequivocally that Petrozak's showing of his earning capacity prior to injury, without proof of actual dollar amounts earned, is sufficient to support the jury's verdict.

As for Petrozak's earning capacity following his injury, appellant claims that no evidence was introduced as to Petrozak's possible earnings doing the "light duty work" for which his doctors had released him. At trial, Petrozak testified that he hoped to find future work as a clerk in a hardware store selling plumbing equipment and supplies, but he failed to introduce evidence of such a clerk's average salary. However, Petrozak also testified and Crown confirmed that he had been able to earn $70–$150 per week doing light duty work for Crown in its dispatch room after his first surgery. The light duty nature of this work is similar to that which he is capable of doing in the future. Therefore, this testimony was sufficient to establish some evidence, more than a scintilla, of plaintiff's earning capacity following his injury.

The evidence of Petrozak's earning capacity before and after his injury, coupled with evidence of his 40.8 year life expectan-

cy is sufficient to support the jury's award of $500,000 for loss of future earning capacity and that award will not be disturbed. An appellate court has no authority to substitute its judgment for that of the jury which is the sole judge of the facts and the credibility of the witnesses. *Pool v. Ford Motor Company*, 715 S.W.2d at 629. Appellant's points of error one, two and three are overruled.

■ By points of error four, five and six, appellant next complains that there was no evidence to support the jury's award of $75,000 for loss of past earnings or that the evidence was factually insufficient to support such an award.

The evidence showed that Petrozak was injured in January of 1984. Immediately prior to his injury he was earning $500–$900 per week working for defendant Crown. As noted above, he testified that he earlier had earned $25,000 per year in Florida as a master plumber. This salary comports with $500 per week, while a salary of $900 per week works out to approximately $46,000 per year. In further support of this salary range, Crown's dispatcher testified that Petrozak was a desirable employee who, had he not been injured, would have continued to work for Crown on a full-time basis at a potential salary of $40,000 to $50,000 a year. This evidence supports an award for loss of past earnings of $500 to $900 per week, at the jury's discretion. Trial was in March of 1987 or approximately 171 weeks following Petrozak's injury. Based upon the evidence of his salary range, Petrozak would have earned between $85,500 and $153,900 working for Crown during that time period. This evidence easily supports the jury's award of $75,000.

■ On appeal, Crown seeks a remittitur of $36,800 against the $75,000 in payments it made to Petrozak during the same period. However, Crown failed to plead and prove payment under Rules 94 and 95 of the Texas Rules of Civil Procedure, thus waiving this point. In addition, if we were to add the payments by Crown of $400 per week for approximately 79 weeks to the $75,000 jury award, Petrozak's total recovery for lost of past earnings would still fall well within the range supported by the evidence. There is no showing that the jury's award was excessive. Appellant's points four, five and six are overruled.

We find Crown's points of error seven and eight dealing with alleged defects in the wording of Special Issues Nos. 4 and 7, to be without merit. At any rate, had Crown had a legitimate complaint on these points any such complaint was waived by Crown's failure to object and point out distinctly the matters to which it objected and the grounds for the objection. Rule 274. Texas Rules of Civil Procedure. *Texas General Indemnity Co. v. Moreno*, 638 S.W.2d 908, 914 (Tex.App.—Houston [1st Dist.] 1982, no writ). Points seven and eight are therefore overruled.

■ In point of error thirteen, Crown contends that the court erred in failing to strike the jury panel when, on voir dire, attorney for plaintiff allegedly violated an order in limine by stating that "Crown is the largest plumbing company in Houston." Crown's position is that such a statement was so prejudicial as to constitute reversible error.

Defendant's motion in limine, while covering references to Crown's financial ability, did not specifically seek to restrict mention of the size of Crown's plumbing operation. Furthermore, the statement was made in connection with plaintiff's query to the prospective jurors regarding their possible past use of Crown's plumbing services. In this context the remark was not connected to any improper suggestion of Crown's financial ability. In order to show error on this point, Crown must show that the error complained of amounted to such a denial of its rights as was calculated to cause and probably did cause the rendition of an improper judgment. Tex.R.App.P. 81(b)(1). *First Employees Insurance Company v. Skinner*, 646 S.W.2d 170, 172 (Tex.1983). Appropriate inquiries include the length of the allegedly improper argument, whether it was repeated or abandoned and, in an evaluation of the whole case, the argument's probable effect on a material finding. *Standard Fire Insur-*

*ance Company v. Reese*, 584 S.W.2d 835, 839–40 (Tex.1979). The complainant must show that the probability that the argument caused harm is greater than the probability that the verdict was grounded on proper proceedings and evidence. *Id.* at 840. The jury's verdict, which we find to be supported by the evidence, was not the result of bias or prejudice as alleged by Crown. Point of error thirteen is overruled.

We have considered appellant's remaining points of error, eleven of which are presented without supporting authority, and find no dispositive points among them. They are therefore overruled.

The judgment of the trial court is affirmed.