Donald G. **WILHELM,** Appellant,

v.

**FEDERAL NATIONAL MORTGAGE ASSOCIATION, its Successors and Assigns, Appellees.**

No. 14–10–01205–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 25, 2011.

Donald Wilhelm, Pearland, pro se.

Robert L. Negrin, Houston, for appellees.

Panel consists of Justices FROST, JAMISON, and McCALLY.

## OPINION

KEM THOMPSON FROST, Justice.

This appeal arises from a final summary-judgment in a de novo appeal from the justice court in a forcible-detainer case. The county court at law awarded possession of a residence to the mortgage holder following a foreclosure. On appeal, the homeowner challenges the trial court's summary judgment and its order setting the amount needed to supersede the judgment. Under precedent from the Supreme Court of Texas, because the former homeowner is no longer in possession of the premises and because he has not asserted a potentially meritorious claim of right to possession of the premises, this appeal is moot. Accordingly, we vacate the county court at law's judgment and dismiss this appeal as moot.

### FACTUAL AND PROCEDURAL BACKGROUND

Federal National Mortgage Association (hereinafter "Fannie Mae") filed suit in justice court for forcible detainer against Donald G. Wilhelm. Fannie Mae sought possession of residential property inhabited by Wilhelm in Brazoria County, Texas (hereinafter "Property"). Following a trial in justice court, a jury found in favor of Wilhelm, and the justice court rendered a take-nothing judgment in his favor.

Fannie Mae timely appealed to the county court at law. Wilhelm responded, asserting counterclaims for wrongful foreclosure and eviction, fraud, and unjust enrichment for which he sought actual and punitive damages. Wilhelm also filed a no-evidence motion for summary judgment, which the county court denied.

Fannie Mae filed a traditional motion for summary judgment, claiming it was entitled to judgment as a matter of law because no genuine issues of material fact existed. Fannie Mae attached a number of documents in support of its motion, including: a note signed in 1999 by Wilhelm and Michelle Wilhelm payable to Southwest Bank of Texas, N.A. for purchase of the Property; a Deed of Trust for the Property granting Southwest Bank of Texas a first-lien security interest in the Property; a substitute Trustee's Deed, conveying title in the Property to JPMorgan Chase Bank, National Association following a non-judicial foreclosure sale; and a special warranty deed, conveying title in the Property from JPMorgan Chase Bank, National Association to Fannie Mae.

In response, Wilhelm referred to a pending suit he had filed against Fannie Mae in state district court and claimed that he was not provided proper notice relating to the foreclosure of his mortgage. Wilhelm asserted that discovery was incomplete. He attached an affidavit in support of his motion along with the justice court's judgment and letters from Chase Home Finance, notifying Wilhelm of default in December 2009.

In an order dated August 16, 2010, the county court rendered summary judgment in favor of Fannie Mae, granting Fannie Mae possession of the Property. In the judgment, the county court decreed that a writ of possession would issue if Wilhelm and all other occupants did not vacate the premises within six days of the final summary judgment. In a separate order, the county court struck Wilhelm's counterclaims for lack of jurisdiction.

The county court determined that the amount of bond needed to supersede the judgment was $41,000. Wilhelm filed a motion seeking to lower that amount. The

county court denied the motion. Wilhelm did not file a supersedeas bond. Possession of the Property was delivered to Fannie Mae by execution of a writ of possession, and Wilhelm vacated the premises. Wilhelm timely appealed the county court's judgment to this court.

### ANALYSIS

In a single appellate issue, Wilhelm raises the following four arguments in support of his contention that the county court erred in granting summary judgment in favor of Fannie Mae and awarding possession of the Property to Fannie Mae:

(1) The trial court's summary judgment violated Texas Rule of Civil Procedure 755;

(2) Summary judgment was improper because the county court lacked jurisdiction over the matter given that Wilhelm initiated a suit to quiet title against Fannie Mae in state district court;

(3) Summary judgment was improper because discovery was incomplete; and

(4) The supersedeas bond amount was unreasonable.

According to Wilhelm, his affidavit, as attached to his response to Fannie Mae's motion for summary judgment, raised fact issues which should have precluded summary judgment.

### Is Wilhelm's appeal moot?

As a preliminary matter, we address Fannie Mae's argument that this court lacks jurisdiction because this appeal is moot. The only issue in an action for forcible detainer is the right to actual possession of the premises, and the merits of title shall not be adjudicated. *See* TEX.R. CIV. P. 746; *Marshall v. Housing Auth. of City of San Antonio*, 198 S.W.3d 782, 785 (Tex.2006). If a supersedeas bond in the

amount set by the trial court is not filed, the judgment in a forcible-detainer action may be enforced and a writ of possession may be executed evicting the defendant from the premises in question. *See* TEX. PROP.CODE ANN. § 24.007 (West 2000); Marshall, 198 S.W.3d at 786. In the case under review, Wilhelm did not file a supersedeas bond in the amount set by the trial court, and Fannie Mae obtained possession of the Property under a writ of possession.

Failure to supersede the judgment does not divest Wilhelm of his right to appeal. *See Marshall,* 198 S.W.3d at 786–87. But, the Supreme Court of Texas has held that if a defendant in a forcible-detainer action is no longer in possession of the premises, then an appeal from the forcible-detainer judgment is moot unless the defendant asserts "a potentially meritorious claim of right to current, actual possession of the [premises]." *See id.* at 787.

Wilhelm asserts that the trial court's summary judgment violated Texas Rule of Civil Procedure 755. *See* TEX.R. CIV. P. 755. But this rule, entitled "Writ of Possession," addresses the issuance and execution of writs of possession and execution and the superseding of writs of possession. *See id.* This rule does not relate to when summary judgment is appropriate in a forcible-detainer action, nor does this rule provide a potential basis for a claim by Wilhelm that he is entitled to current, actual possession of the Property.

The pendency of Wilhelm's lawsuit in the district court does not prevent the court in the forcible-detainer action from determining that Fannie Mae has the superior right to immediate possession of the Property. *See Marshall,* 198 S.W.3d at 787; *Gallien v. Fed. Home Loan Mortg. Corp.,* No. 01–07–00219–CV, 2008 WL 4670465, at *4 (Tex.App.-Houston [1st Dist.] Oct. 23, 2008, pet. dism'd

w.o.j.) (mem. op.). The pendency of a district-court suit in which Wilhelm claims title to the Property and asserts claims for wrongful foreclosure does not prevent this forcible-detainer action from proceeding. *See Gallien,* 2008 WL 4670465, at *4. The pendency of this district court suit does not provide a potential basis for a claim by Wilhelm that he is entitled to current, actual possession of the Property. *See id.* Finally, Wilhelm's assertion that the county court granted summary judgment before discovery was complete does not provide a potential basis for a claim by Wilhelm that he is entitled to current, actual possession of the Property.

CONCLUSION

Because Wilhelm is no longer in possession of the Property and because he does not assert a potentially meritorious claim of right to current, actual possession of the Property, Wilhelm's appeal is moot. *See Marshall,* 198 S.W.3d at 787; *Gallien,* 2008 WL 4670465, at *2–4. Because we are dismissing the appeal as moot, the issue of the supersedeas amount is also moot. *See Beltway Green P'ship v. Arbor Capital and Investments Co.,* No. 01–06–00487–CV, 2007 WL 2005085, at *6 (Tex. App.-Houston [1st Dist.] Jul. 12, 2007, no pet.) (mem. op.); *Continental Oil Co. v. Lesher,* 500 S.W.2d 183, 186 (Tex.Civ.App.-Houston [1st Dist.] 1973, orig. proceeding). Accordingly, we vacate the county court's judgment and dismiss this appeal as moot. *See Marshall,* 198 S.W.3d at 790.