COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



|  |  |  |
|---|---|---|
| JOSEPH VINCENT, | § | No. 08-16-00012-CV |
| Appellant, | § | Appeal from the |
| V. | § | County Court at Law No. 4 |
| JUST RIGHT PROPERTY SOLUTIONS, LLC, | § | of Williamson County, Texas |
|  | § | (TC# 15-1477-CC4) |
| Appellee. | § |  |

## MEMORANDUM OPINION

Just Right Property Solutions, LLC, Appellee, has filed a motion to dismiss the appeal as moot because Appellant, Joseph Vincent, failed to make the payment required to supersede the judgment and the trial court issued a writ of possession. We have reviewed Vincent's response to the motion as well as the briefs submitted by the parties on the merits of the appeal. We grant the motion and dismiss the appeal as moot.

JRPS purchased the subject property previously owned by Vincent at a foreclosure auction on August 4, 2015. The foreclosure sale was conducted pursuant to the power of sale provision set forth in paragraph 22 of the Deed of Trust. Paragraph 22 provides, in relevant part, that:

> If the Property is sold pursuant to this Section 22, Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not

> surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession or other court proceeding.

On August 8, 2015, JRPS hand-delivered and mailed a notice to vacate the property. Vincent refused to vacate and JRPS filed a forcible detainer suit in the Williamson County Justice of the Peace Count (Precinct 4). The JP Court entered an agreed judgment that Vincent would vacate the premises, and Vincent appealed to the County Court at Law No. 4 of Williamson County. The trial court entered a final judgment granting JRPS immediate possession of the property.

The judgment provided that Appellant could supersede the judgment pending appeal by depositing $3,100 into the court's registry and by depositing $1,550 no later than the first day of each month beginning on December 1, 2015. Appellant timely made the first deposit of $3,100 but he failed to pay $1,550 by December 1, 2015.[1] The trial court entered a writ of possession on December 4, 2015, and it was executed on December 14, 2015. Appellant filed his notice of appeal on December 14, 2015. It is well settled that issues of title are not adjudicated in a forcible-detainer suit and the only issue to be decided is the right to immediate possession of the property. *Marshall v. Housing Authority of the City of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006); *Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex.App.--Dallas 2001, no pet.). While failure to supersede a forcible-detainer judgment does not divest an appellant of the right to appeal, an appeal from a forcible-detainer action becomes moot if the appellant is no longer in possession of the property, unless the appellant holds and asserts a potentially meritorious claim of right to current, actual possession of the property. *Marshall*, 198 S.W.3d at 786-87; *see Wilhelm v. Federal National Mortgage Association*, 349 S.W.3d 766, 768 (Tex.App.--Houston [14th Dist.] 2011, no pet.).

---

[1] Vincent asserts in his response to the motion to dismiss that he attempted to make the $1,550 deposit on December 8, 2015, but the County Clerk refused to accept it.

It is undisputed that Vincent is no longer in possession of the property and there is no evidence of a lease between the parties. Vincent does not argue in his response to the motion to dismiss or his briefs on the merits that he has a potentially meritorious claim of right to current, actual possession of the property. He instead maintains that JRPS was not "a person entitled to possession of the property" when it gave him notice to vacate on August 8, 2015 because the Substitute Trustee's Deed was not actually executed until August 10, 2015.

Section 24.002 provides:

(a) A person who refuses to surrender possession of real property on demand commits a forcible detainer if the person:

(1) is a tenant or a subtenant wilfully and without force holding over after the termination of the tenant's right of possession;

(2) is a tenant at will or by sufferance, including an occupant at the time of foreclosure of a lien superior to the tenant's lease; or

(3) is a tenant of a person who acquired possession by forcible entry.

(b) The demand for possession must be made in writing by a person entitled to possession of the property and must comply with the requirements for notice to vacate under Section 24.005.

Tex.Prop.Code Ann. § 24.002 (West 2014).

The argument made by Vincent addresses whether JRPS was "a person entitled to possession of the property" at the time it served the demand for possession. The critical question for us to decide is not whether JRPS had a right to possession when it served the demand for possession under Section 24.002, but whether Vincent has asserted a potentially meritorious claim of right to current, actual possession of the property. Under paragraph 22 of the Deed of Trust, Vincent was required to immediately surrender possession of the property to JRPS at the foreclosure sale, and upon his refusal to do so, he became a tenant at sufferance. A tenant at sufferance is one who wrongfully continues in possession of property after his right to possession

has ceased and does not assert a claim to superior title. *ICM Mortgage Corporation v. Jacob*, 902 S.W.2d 527, 530 (Tex.App.--El Paso 1994, writ denied); *see Coinmach Corporation v. Aspenwood Apartment Corporation,* 417 S.W.3d 909, 915 (Tex. 2013). Because Vincent has not asserted a potentially meritorious claim of right to current, actual possession of the property, we conclude that his appeal is moot because he is no longer in possession of the property. We grant JRPS's motion and dismiss the appeal as moot.

August 3, 2016

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.