

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| MARK A. BEALL, | § | No. 08-16-00213-CV |
| Appellant, | § | Appeal from |
| v. | § | County Court at Law No. 2 |
| CENTRAL CITY AUSTIN CHURCH, | § | of Travis County, Texas |
| Appellee. | § | (TC # C-1-CV-16-004298) |
| | § | |

## <u>MEMORANDUM OPINION</u>

Mark A. Beall, *pro se*, appeals from a judgment awarding possession of the subject property to Appellee, Central City Austin Church. Beall filed notice of appeal, but he did not supersede the judgment. Appellee obtained a writ of possession which was executed on August 3, 2016. Consequently, Beall no longer has possession of the property.

It is well settled that issues of title are not adjudicated in a forcible-detainer suit and the only issue to be decided is the right to immediate possession of the property. *Marshall v. Housing Authority of the City of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006); *Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex.App.--Dallas 2001, no pet.). While failure to supersede a forcible-detainer judgment does not divest an appellant of the right to appeal, an appeal from a forcible-detainer action becomes moot if the appellant is no longer in possession of the property, unless the appellant holds

and asserts a potentially meritorious claim of right to current, actual possession of the property. *Marshall*, 198 S.W.3d at 786-87; *see Wilhelm v. Federal National Mortgage Association*, 349 S.W.3d 766, 768 (Tex.App.--Houston [14th Dist.] 2011, no pet.).

Appellee established at trial that it permitted Beall to live in a home owned by the church beginning in 2012 while he performed repairs on the property. It did not have a written lease with Beall. In 2015, the church board secretary, Roger Blomquist, informed Beall that he needed to leave by August 1, 2015, but he refused to do so. Blomquist informed Beall again in October 2015 that he needed to move out of the house, but Beall continued to live there. At trial, Beall admitted that he was living on the property without a lease and Appellee had given him thirty days' notice to vacate the premises.

Beall has filed a series of hand-written documents which we have broadly construed as his brief on the merits. After reviewing the appellate record and Beall's brief, we do not find anything to indicate that Beall holds or asserts a potentially meritorious claim of right to current, actual possession of the property. Accordingly, we dismiss the appeal as moot. *See Marshall*, 198 S.W.3d at 786-87 (appellant did not hold or assert a potentially meritorious claim of right to current, actual possession of the apartment because her lease had expired, and she presented no basis for claiming a right to possession after the expiration of her lease).

November 17, 2017

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, and Palafox, JJ.